[Cite as *State v. Ogletree*, 2015-Ohio-4715.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2015-CA-2 |
| | : | |
| v. | : | T.C. NO.   12CR476 |
| | : | |
| CHRISTOPHER OGLETREE | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___13th___ day of ___November___, 2015.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

CHRISTOPHER OGLETREE, #666-730, Madison Correctional Institute, P. O. Box 740, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Christopher Ogletree appeals from a judgment of the Clark County Court of Common Pleas, which denied his motion to increase his jail time credit to 173 days.  For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} On July 9, 2012, Ogletree was charged in an eight-count indictment with trafficking

in cocaine, possession of cocaine, trafficking in heroin, possession of heroin, failure to comply with the order or signal of a police officer, obstructing justice, and two counts of tampering with evidence. The parties subsequently reached an agreement whereby Ogletree agreed to plead guilty to trafficking in cocaine and possession of heroin, both felonies of the second degree, and failure to comply with the order or signal of a police officer, a felony of the third degree. In exchange for the plea, the remaining five counts of the indictment would be dismissed.

{¶ 3} As part of the plea agreement, Ogletree also agreed to serve consecutive sentences of five years for trafficking in cocaine, four years for possession of heroin, and one year for failure to comply with the order or signal of a police officer, for an aggregate prison term of 10 years. The parties agreed that Ogletree would serve the 10-year prison sentence concurrently with a 15-month prison sentence that he had received in Clark C.P. No. 2011-CR-790; Ogletree had begun serving his prison sentence for Case No. 2011-CR-790 on July 20, 2012. Finally, Ogletree agreed to forfeit his interest in a seized vehicle.

{¶ 4} On January 8, 2013, Ogletree entered his negotiated guilty plea. The trial court proceeded to sentencing and imposed the agreed-upon sentence. The trial court's judgment entry further provided that Ogletree would receive "jail credit from July 4, 2012 to July 20, 2012 and from January 8, 2013 until conveyance to the penitentiary."[1]

{¶ 5} Ogletree did not appeal from his conviction. Almost a year after his conviction, Ogletree moved to withdraw his guilty plea. The trial court denied the motion, and we affirmed. *State v. Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431.

{¶ 6} On September 15, 2014, Ogletree filed a motion for additional days of jail time

---

[1] The record does not reflect that Ogletree was confined on July 4, 2012 regarding the charges in this case. However, as neither party has questioned the trial court's use of this date, we will assume it is correct.

credit. Ogletree stated that he had been credited with 16 days of jail time credit, representing the time he spent in jail between July 4, 2012 and July 20, 2012. He sought credit for the time he was incarcerated in Case No. 2011-CR-790 between July 20, 2012 and January 8, 2013, plus the three days he was allegedly jailed pending conveyance to the penitentiary in this case (January 8-11, 2013).

**{¶ 7}** On September 29, 2014, Ogletree filed a document titled "Judicial Notice," reiterating his request for jail time credit and noting that he had filed a jail-time credit motion under the wrong case number. On November 5, 2014, Ogletree filed another motion for jail time credit, seeking 173 days of additional jail time credit.

**{¶ 8}** On November 19, 2014, the trial court overruled Ogletree's motion for jail time credit, stating in total that "[p]roper jail time credit is reflected in the sentencing entry."

**{¶ 9}** Ogletree appeals from the trial court's judgment, claiming that the trial court erred and violated his due process rights by failing to award him 173 days of jail time credit.

**{¶ 10}** As an initial matter, the State asserts that Ogletree was required to challenge the trial court's order of jail time credit in a direct appeal from the judgment of conviction in this case and that his claim is now barred by res judicata. We have indicated that defendants are required to challenge an erroneous legal determination on jail time credit in a direct appeal to avoid being barred by the doctrine of res judicata, but that " 'if the trial court makes a mathematical mistake, rather than an erroneous legal determination, in calculating the jail-time credit, then a defendant may seek judicial review via a motion for correction before the trial court.' " (Citations omitted.) *State v. Flemings*, 2d Dist. Montgomery No. 24615, 2011-Ohio-4286, ¶ 28.

{¶ 11} Given the trial court's terse ruling, and assuming that Ogletree's motion is one for correction of a mathematical mistake on his jail time credit, his argument nevertheless lacks merit.

{¶ 12} R.C. 2967.191, governing jail time credit, implements the equal protection right to credit for prior incarceration. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440; *State v. Angi*, 2d Dist. Greene No. 2011 CA 72, 2012-Ohio-3840, ¶ 7, citing *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5. The statute provides, in part:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *.

{¶ 13} "Although the [department of rehabilitation and correction] has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7, quoted by *Coyle* at ¶ 7.

{¶ 14} "[W]here a sentence is imposed concurrently with a sentence that has already

been imposed, and which the defendant has already begun serving, the defendant is given the comparative luxury of serving each day of his second sentence, beginning with the first day, concurrently with a day served on the first sentence. Thus, if the new sentence is imposed and put into execution on the 100th day of the old sentence, the defendant is allowed to serve the first day of his new sentence while, at the same time, serving the 100th day of the old sentence." (Emphasis omitted.) *State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, ¶ 10.

{¶ 15} However, R.C. 2967.191 does not "include time that the prisoner was incarcerated by reason of a sentence previously imposed for a different offense, even if that prior sentence is one with which the present sentence is ordered to be served concurrently." *Ways* at ¶ 20. Accordingly, we have consistently held that jail time credit is not appropriate when the defendant was serving a sentence for a separate offense. *See, e.g., State v. Russell*, 2d Dist. Montgomery No. 26503, 2015-Ohio-3373 (defendant did not accrue jail time credit for time he served on a separate misdemeanor offense); *State v. Spears*, 2d Dist. Montgomery No. 25645, 2014-Ohio-146 (defendant was not entitled to jail time credit for 28 days during which he served time for an unrelated misdemeanor offense); *Angi*, 2d Dist. Greene No. 2011 CA 72, 2012-Ohio-3840; *State v. Rios*, 2d Dist. Clark No. 10 CA 59, 2011-Ohio-4720. *See also State ex rel. Rankin v. Mohr*, 130 Ohio St.3d 400, 2011-Ohio-5934, 958 N.E.2d 944, ¶ 2 ("ODRC director had no duty to reduce [defendant's] 13-year sentence by the number of days that [he] was confined for other crimes before he received the 13-year sentence.").

{¶ 16} Here, Ogletree's motion indicates that he was detained at the Clark County Jail on pending charges in this case between July 4, 2012 and July 20, 2012, for which he received

jail time credit. He states that he was incarcerated at the Correctional Reception Center ("CRC") between July 20, 2012 and August 22, 2012, and at Madison Correctional Institution between August 22, 2012 and January 11, 2013.

{¶ 17} Ogletree was serving a prison sentence for a separate offense in Clark C.P. No. 2011 CR 790 between July 20, 2012 and January 8, 2013, at which time he was sentenced in this case. When the trial court ordered Ogletree's 10-year aggregate sentence in this case to run concurrently with his 15-month sentence in Case No. 2011 CR 790, the trial court simply ordered that Ogletree was allowed to serve the first day of his new sentence while, at the same time, serving the remainder of his 15-month sentence. Ogletree was not entitled to jail time credit for the time that he served in prison in Case No. 2011 CR 790 prior to his being sentenced in the instant case; this is true even though his sentence in this case was later ordered to run concurrently with the sentence in Case No. 2011 CR 790.

{¶ 18} The trial court's award of jail time credit was proper, and the trial court did not err in denying Ogletree's motion for additional jail time credit. Ogletree's assignment of error is overruled.

{¶ 19} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Ryan A. Saunders
Christopher Ogletree
Hon. Douglas M. Rastatter