[Cite as *State v. Litteral*, 2024-Ohio-2092.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. Nos. 2022-CA-80; 2022-CA-81 |
| | : | |
| v. | : | Trial Court Case Nos. 21-CR-0407; 20-CR-0704 |
| | : | |
| COURTNEY LITTERAL | : | |
| | : | (Criminal Appeal from Common Pleas Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 31, 2024

. . . . . . . . . . .

ALAN VAN GUNDY, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Courtney Litteral appeals from two judgments of the Clark County Common Pleas Court revoking community control and imposing an aggregate 24-month prison sentence. She also appeals from two judgments of the Clark County Common Pleas Court denying her post-conviction motions seeking correction of

her jail-time credit for the same cases. For the reasons that follow, the judgments will be reversed as to the jail-time credit calculations and remanded to the trial court for the sole purpose of issuing nunc pro tunc judgment entries that credit Litteral with jail-time credit of 195 days in Clark C.P. No. 20-CR-0704, and 56 days in Clark C.P. No. 21-CR-0407. In all other respects, the judgments will be affirmed.

## I. Facts and Procedural History

{¶ 2} On December 21, 2020, Litteral was indicted in Case No. 20-CR-0704 on three counts of possession of drugs, each in violation of R.C. 2925.11(A), all felonies of the fifth degree. A summons on indictment was issued and Litteral was placed on an own recognizance ("OR") bond. After failing to appear for court on April 22, 2021, the trial court issued a capias for Litteral's arrest. Litteral was arrested on the capias on May 23, 2021, and her bond was subsequently set at $10,000 cash or surety.

{¶ 3} On June 16, 2021, Litteral entered a negotiated guilty plea wherein she agreed to plead guilty to one count of possession of drugs, a felony of the fifth degree, in exchange for dismissal of the other counts. The parties further agreed to either obtain a presentence investigation report ("PSI") or the State would recommend six months in prison. Litteral opted to obtain a PSI, and sentencing was scheduled for July 7, 2021.

{¶ 4} On June 29, 2021, Litteral was indicted in Case No. 21-CR-0407 on one count of possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree. A summons was issued and Litteral was granted an OR bond. Due to the new felony case, sentencing in Case No. 20-CR-0704 was postponed until October 22, 2021, in order to resolve the two cases together. Additionally, the State indicated there were three

additional felony drug offense cases involving Litteral that had not yet been presented to the grand jury.

{¶ 5} On August 3, 2021, Litteral posted bond in Case No. 20-CR-0704.[1]

{¶ 6} On October 22, 2021, Litteral failed to appear for a pre-trial hearing in Case No. 21-CR-0407 and the sentencing hearing in Case No. 20-CR-0704. A capias was issued only in Case No. 21-CR-0407. On December 5, 2021, Litteral was arrested on the capias in Case No. 21-CR-0407, but she was released on December 8, 2021.

{¶ 7} On January 10, 2022, Litteral failed to appear for a pre-trial hearing in Case No. 21-CR-0407 and sentencing hearing in Case No. 20-CR-0704, but no capias was issued at that time. On February 22, 2022, Litteral again failed to appear for a pre-trial hearing in Case No. 21-CR-0407 and sentencing hearing in Case No. 20-CR-0704. Another capias was issued only in Case No. 21-CR-0407. On March 11, 2022, Litteral was arrested on the capias and held without bond.

{¶ 8} On March 18, 2022, Litteral appeared before the trial court for both her cases. In the interest of resolving all of Litteral's pending and potential future cases, Litteral entered a negotiated guilty plea in Case No. 21-CR-0407; she agreed to plead guilty as charged in exchange for the State's agreeing not to pursue the three additional pre-indictment cases that were going to be presented to the grand jury. The parties further agreed to recommend that Litteral be placed in West Central Community Based Correctional Facility ("West Central"), an in-patient drug treatment facility. Additionally,

---

[1] The record reflects that bond was posted and signed on August 2 but not filed until August 3, 2021. Both parties agree that Litteral was released from jail on August 3, 2021, and, therefore, we will accept August 3 as her release date.

the parties agreed to continue disposition in Case No. 20-CR-0704 until sentencing in Case No. 21-CR-0407, in order to have Litteral evaluated for admission into West Central. Litteral continued to be held without bond on Case No. 21-CR-0407 pending sentencing.

{¶ 9} The court proceeded to sentencing on both cases on May 3, 2022. In each case, Litteral was ordered to serve a community control sanction with intensive supervision and ordered to comply with all adult probation regulations and terms of community control. Specifically, Litteral was ordered to complete an in-patient drug treatment program at West Central. The trial court explicitly informed Litteral that if she violated the terms of her community control, the court reserved a sentence of 12 months in prison in each case, and it indicated the sentences would be served consecutively. On May 5, 2022, the trial court issued a judgment entry in each case along with an order for Litteral to be transported from the Clark County Jail to begin serving her sentence at West Central. Litteral remained in custody while awaiting transfer to West Central.

{¶ 10} On July 1, 2022, a notice of probation violations was filed with the court in each of Litteral's cases alleging that she had failed to complete her in-patient drug treatment program; she had been unsuccessfully discharged from West Central. Litteral remained in custody without bond until July 28, 2022, at which point she was given a bond of $10,000 in each case. She did not post bond and continued to be held in custody for the duration of her cases.

{¶ 11} Her probation revocation hearing was held on September 1, 2022. Litteral admitted she had violated the terms of her community control sanctions in each of her cases. The trial court then imposed the stated prison term of 12 months in each case,

to run consecutively. The trial court granted her a total of 118 days of jail-time credit. No objection to the jail-time credit was made at the sentencing hearing. The judgment entries reflect that Litteral was granted 118 days of jail-time credit in Case No. 20-CR-0704 and 0 days of jail-time credit in Case No. 21-CR-0407.

{¶ 12} One week later, Litteral filed a post-conviction motion in each of her cases requesting that the trial court correct the days of jail-time credit to reflect the amount of time she was incarcerated on each of her cases. According to Litteral's calculations as outlined in her motions, she was entitled to a total of 276 days of jail-time credit between the two cases. Litteral's calculations included time she spent in custody after being arrested on her multiple capiases, her time at West Central, and the time she was held pending her probation revocations. The State did not file a response to Litteral's motions. Initially, the trial court scheduled the motions for a hearing. However, prior to the scheduled hearing, the trial court cancelled the hearing and issued written decisions overruling Litteral's motions based on its review of the record and the motions.

{¶ 13} Litteral filed a notice of appeal in each of her cases following the trial court's orders overruling her post-conviction motions. Although the notices were timely filed in relation to the trial court's orders overruling Litteral's post-conviction motions, they were not timely filed to appeal her convictions. However, Litteral also filed a motion for leave to file a delayed appeal in each case in order to preserve her opportunity to file a direct appeal from the judgment entries of conviction. We granted Litteral's motions for leave and subsequently ordered that the cases be consolidated. Accordingly, Litteral's judgment entries of conviction and the trial court's orders overruling her post-conviction

motions to correct jail-time credit are properly before this Court.

{¶ 14} Litteral was appointed appellate counsel, who filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for our review. We rejected appellate counsel's *Anders* brief and appointed new counsel to act as Litteral's advocate on appeal. We directed new counsel to supplement the record if needed, review the entire record, and raise any issues that counsel deemed to have arguable merit.

{¶ 15} Litteral now raises the following two assignments of error for our review:

I.      The trial court erred when it granted Ms. Litteral only 118 days of jail-time credit on Case No. 20-CR-0704 and no days of jail-time credit on Case No. 21-CR-0407, despite her being confined for 178 days on Case 21-CR-0407 and 195 days on Case No. 20-CR-0704. This violates her right to equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

II.     The trial court abused its discretion in denying Ms. Litteral's motion for jail time credit, in violation of her right to equal protection under the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution.

{¶ 16} In her first assignment of error, Litteral contends the trial court committed plain error at the time of sentencing in miscalculating her jail-time credit. Specifically, Litteral argues that she was entitled to 178 days of jail-time credit in Case No. 21-CR-

0407 for time spent in custody from December 5 through December 8, 2021, and March 11 through September 1, 2022. She also claims that she should have received a total of 195 days of jail-time credit in Case No. 20-CR-0704 for time spent in custody between May 23 and August 3, 2021, and May 3 and September 1, 2022.

{¶ 17} The State concedes that the trial court erred in calculating jail-time credit but disagrees with Litteral's calculations. The State agrees that Litteral was entitled to 195 days of jail-time credit in Case No. 20-CR-0704 but disagrees with Litteral as to the jail-time credit calculation in Case No. 21-CR-0407. According to the State, Litteral should receive only 57 days of jail-time credit for time spent in custody between December 5 and December 8, 2021, and March 11 and May 3, 2022, when Litteral was sentenced to West Central on both cases.

{¶ 18} The primary discrepancy in the parties' calculations depends on whether Litteral was entitled to jail-time credit in each of her cases for (1) the time she spent at West Central and (2) the time she remained in custody immediately prior to going to West Central and after leaving West Central until she was sentenced on September 1, 2022. These two periods total 122 days of jail-time credit. According to the State, because Litteral was sentenced to consecutive prison terms, the time can only be applied to one of her cases. Litteral, on the other hand, contends that because she was sentenced to West Central in both cases and held in custody immediately before and after attending West Central on both cases, the 122 days of jail-time credit should be applied in each of her cases. We agree with the State.

{¶ 19} Litteral did not object to her jail-time credit at the time of sentencing. As a

result, she has waived all but plain error for purposes of appeal. *State v. McDonald*, 2015-Ohio-1911, 31 N.E.3d 716, ¶ 13 (1st Dist.). Plain error is an error that affects substantial rights that may be noticed on appeal although they were not brought to the attention of the trial court. Crim.R. 52(B). No plain error can be found unless, but for the error, the outcome clearly would have been otherwise. *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). "[P]lain error should be found only in exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001), citing *Long* at paragraph three of the syllabus.

{¶ 20} "The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7. R.C. 2967.191 governs jail-time credit and "implements the equal protection right to credit for prior incarceration." (Citations omitted.) *State v. Ogletree*, 2d Dist. Clark No. 2015-CA-2, 2015-Ohio-4715, ¶ 12. R.C. 2967.191 requires that a felony offender's prison term be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced[.]" Under the statute, defendants who are unable to pay bail receive credit for time served while awaiting trial, which prevents discrimination against defendants who are unable to afford bail versus those who can afford to do so.

{¶ 21} "Where, for whatever reason, a defendant remains in jail prior to his trial, he must be given credit on the sentence ultimately imposed for all periods of actual

confinement on that charge." *State v. Russell*, 2d Dist. Montgomery No. 26503, 2015-Ohio-3373, ¶ 37, citing *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5. This includes all time served in a community based correctional facility, which constitutes confinement for purposes of jail-time credit. *State v. Napier*, 93 Ohio St.3d 646, 648, 758 N.E.2d 1127 (2001). Although R.C. 2967.191 imposes a duty on the Ohio Department of Rehabilitation and Correction to credit a prisoner for his or her pretrial confinement, it is the trial court's responsibility to make the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his or her sentence. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7. A defendant must be informed of the total number of days of jail-time credit to which he or she is entitled at the time of sentencing, up to and including the sentencing date, and such number must be included in the sentencing entry. R.C. 2929.19(B)(2)(g)(i).

{¶ 22} It is true that a "defendant may accrue jail time credit in multiple cases at the same time, if he or she is held in pretrial confinement in multiple cases simultaneously." *State v. Breneman*, 2d Dist. Champaign No. 2015-CA-16, 2016-Ohio-597, ¶ 26. "Whether jail-time credit accrues simultaneously when a defendant is in pretrial confinement on multiple cases ordinarily depends on whether he receives concurrent or consecutive sentences." *State v. Steinmetz*, 2d Dist. Greene No. 2019-CA-40, 2020-Ohio-1145, ¶ 11. "If a defendant is sentenced to consecutive prison terms for multiple charges, jail time credit is not applied to each and every prison term as it is for concurrent sentences, but rather is applied but once, to the total term." (Citations

omitted.) *State v. Woodward*, 2d Dist. Montgomery No. 24483, 2012-Ohio-632, ¶ 9. This is because, "[w]hen a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." *Fugate* at ¶ 22.

**{¶ 23}** In this case, were Litteral to receive 122 days of jail-time credit for the applicable time period (May 3 through September 1, 2022) in each of her cases, her aggregate sentence would be reduced by 244 days instead of the 122 days that she was actually in custody. This would, in effect, give her double credit for her time spent in custody. Because Litteral was sentenced to consecutive prison terms, we agree with the State that she was only entitled to receive jail-time credit for the applicable time period in one case, not both.

**{¶ 24}** Based on the record before us, we agree with the parties that the trial court committed plain error in failing to correctly calculate jail-time credit in each of Litteral's cases in accordance with R.C. 2929.19(B)(2)(g)(i). The trial court applied jail-time credit for the time Litteral spent in West Central to Case No. 20-CR-0704. Accordingly, we will follow the trial court's directive and apply the 122 days of jail-time credit to that case. Consequently, in Case No. 20-CR-0704, Litteral should have received 195 days of jail-time credit, as both parties agree. This includes 73 days of jail-time credit for her period of incarceration between May 23 and August 3, 2021, and 122 days of jail-time credit for her period of incarceration between May 3 and September 1, 2022.

**{¶ 25}** In Case No. 21-CR-0407, Litteral should have received 56 days of jail-time

credit. This includes 4 days of jail-time credit for her period of incarceration from December 5-8, 2021, and 52 days of jail-time credit for her period of incarceration between March 11 and May 2, 2022. We note that the State calculated Litteral's jail-time credit in Case No. 21-CR-0407 to include May 3, 2022. However, because that day was included in the calculation in the jail-time credit for Case No. 20-CR-0704, Litteral is not entitled to receive jail-time credit twice due to the consecutive sentences.

{¶ 26} Although the trial court erred in calculating Litteral's jail-time credit, an inaccurate determination of jail-time credit "is not grounds for setting aside the offender's conviction or sentence and does not otherwise render the sentence void or voidable." R.C. 2929.19(B)(2)(g)(iv). Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." "The rule thus authorizes a trial court to, at any time, enter judgment nunc pro tunc to the date of the original conviction, correcting a mistake of fact, but not an error of law, in the jail-time credit specified in a judgment of conviction." *State v. Gonzalez*, 1st Dist. Hamilton No. C-150582, 2017-Ohio-7301, ¶ 9. Accordingly, under these circumstances, the trial court may remedy the error by issuing nunc pro tunc judgment entries that reflect the correct number of days of jail-time credit. *State v. Davis*, 2d Dist. Montgomery No. 27495, 2018-Ohio-4137, ¶ 17.

{¶ 27} Litteral's first assignment of error is sustained.

## II. Second Assignment of Error

{¶ 28} Based on our disposition of the first assignment of error, we overrule the second assignment of error as moot. App.R. 12(A)(1)(c).

### III. Conclusion

**{¶ 29}** Having sustained Litteral's first assignment of error, the trial court's judgments of conviction will be reversed only as to its calculations of jail-time credit. The matter will be remanded solely for the trial court to 1) issue nunc pro tunc judgment entries that credit Litteral with 195 days in Case No. 20-CR-0704 and 56 days in Case No. 21-CR-0407, and 2) notify the appropriate prison officials of the nunc pro tunc judgment entries. In all other respects, the judgments of conviction will be affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and HUFFMAN, J., concur.