[Cite as *State v. Ackerman*, 2025-Ohio-4966.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-25 |
| Appellee | : | |
| | : | Trial Court Case No. 24-CR-0762(B) |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| SHAYLYNN ACKERMAN | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 31, 2025, the judgment of the trial court is reversed in part and remanded for resentencing in accordance with this opinion. In all other respects, the judgment is affirmed.

Costs to be paid by the Appellee.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

MARY K. HUFFMAN, JUDGE

LEWIS, J., and HANSEMAN, J., concur.

CHRISTOPHER BAZELEY, Attorney for Appellant
CHRISTOPHER P. LANESE, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Shaylynn Ackerman appeals from her conviction of complicity to felonious assault. She argues that at her sentencing hearing, the trial court improperly addressed the issue of her jail-time credit and failed to provide all the statutory notifications of R.C. 2929.19(B)(2)(c) required in connection with its imposition of an indefinite prison term under the Reagan Tokes Law. For the following reasons, the trial court erred by failing to specify at Ackerman's sentencing hearing her jail-time credit and by denying her an opportunity to be heard on the issue. The trial court further failed to advise Ackerman at the sentencing hearing of all the notifications required under R.C. 2929.19(B)(2)(c) in connection with its imposition of an indefinite prison sentence under the Reagan Tokes Law. Ackerman's sentence is reversed and remanded for a limited resentencing for the trial court to: (1) specify the total days of jail-time credit to which she was entitled as of the date of her sentencing; (2) allow Ackerman to be heard on the issue of jail-time credit; and (3) to properly advise her of the notifications set forth under R.C. 2929.19(B)(2)(c). The judgment of the trial court is affirmed in all other respects.

**Facts and Procedural History**

{¶ 2} On October 16, 2024, Ackerman was indicted on one count of attempted murder and one count of felonious assault, each with a firearm specification. On March 14, 2024, Ackerman pled guilty to complicity to felonious assault pursuant to *North Carolina v. Alford,* 400 U.S. 25 (1970)*.* In exchange, the State dismissed the remaining count and firearm

specifications. The trial court's sentencing hearing followed on April 4, 2025, where the court imposed an indefinite prison term of 8 to 12 years.

## Assignments of Error and Analysis

{¶ 3} Ackerman asserts two assignments of error. In her first assignment of error, she argues that the trial court improperly imposed jail-time credit at her sentencing. Ackerman's second assignment of error asserts that at sentencing the trial court did not provide the notifications required by the Reagan Tokes Law.

## Jail-Time Credit

{¶ 4} Ackerman argues that the trial court failed to properly impose jail-time credit at disposition. She is correct that she "waived all but plain error for purposes of appeal" regarding jail-time credit. *State v. Litteral*, 2024-Ohio-2092, ¶ 19 (2d Dist.), citing *State v. McDonald*, 2015-Ohio-1911, ¶ 13 (1st Dist.).

{¶ 5} R.C. 2967.191 governs credit for confinement while awaiting trial and commitment and requires the Ohio Department of Rehabilitation and Correction ("ODRC") to reduce a felony offender's prison term "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." "Although R.C. 2967.191 imposes a duty on the [ODRC] to credit a prisoner for his or her pretrial confinement, it is the trial court's responsibility to make the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his or her sentence." *Litteral* at ¶ 21, citing *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 2003-Ohio-2061, ¶ 7. "A defendant must be informed of the total number of days of jail-time credit to which he or she is entitled at the time of sentencing, up to and including the sentencing date, and such number must be included in the sentencing entry." *Id.*, citing R.C. 2929.19(B)(2)(g)(i). "Where a trial court fails to award jail-time credit at the

time of sentencing and a defendant is not given the opportunity to be heard on the issue of jail-time credit, a limited resentencing is appropriate for the trial court specify the total number of days of jail-time credit and to allow the defendant an opportunity to be heard on the issue of jail-time credit." *State v. Thompson*, 2025-Ohio-2168, ¶ 90 (2d Dist.), citing *State v. Dearmond*, 2022-Ohio-3252, ¶ 16 (2d Dist.).

{¶ 6} Ackerman's judgment entry of conviction states, "IT IS FURTHER ORDERED that the defendant receive jail-time credit from October 4, 2024 to April 4, 2025, which is one-hundred and eighty-two (182) days." At sentencing, however, the trial court merely advised Ackerman, "You will receive credit for time spent in the Clark County Jail dating back to your date of arrest which is October the 4th of 2024. And that will be all."

{¶ 7} The State concedes that the trial court committed plain error by not specifying the total number of days of jail-time credit to which Ackerman was entitled and that the matter should be remanded for further proceedings. Ackerman's first assignment of error is thus sustained.

**Reagan Tokes Law**

{¶ 8} In her second assignment of error, Ackerman asserts that the trial court failed to properly advise her pursuant to the Reagan Tokes Law. The State again concedes error.

{¶ 9} "When reviewing felony sentences, a court of appeals must apply the standard of review set forth in R.C. 2953.08(G)." *State v. Williams*, 2022-Ohio-2897, ¶ 18 (2d Dist.), citing *State v. Farra*, 2022-Ohio-1421, ¶ 73 (2d Dist.). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.). This Court has recognized that a "'sentence is

4

contrary to law if a trial court sentences an offender to an indefinite prison term under the Reagan Tokes Law and fails to advise the offender of all the notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing.'" *State v. Thompson*, 2021-Ohio-4027, ¶ 29 (2d Dist.), quoting *State v. Massie*, 2021-Ohio-3376, ¶ 18 (2d Dist.).

{¶ 10} R.C. 2929.19(B)(2)(c) requires a trial court imposing an indefinite sentence under the Reagan Tokes Law to notify the defendant of the following:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions

5

(B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶ 11} After imposing the indefinite term of 8 to 12 years, the court advised Ackerman that there "is a presumption that you'll be released after serving the lower end number, that being 8 years." The court further advised her as follows:

However, the prison system could conduct a hearing and if they make specified determinations regarding your conduct while incarcerated, rehabilitation, threat to society, restrictive housing, and security classification, they could overcome that presumption and incarcerate you for a period of time up to and including the higher end number which is 12 years.

{¶ 12} We agree that the trial court failed to fully comply with R.C. 2929.19(B)(2)(c), and therefore, Ackerman's sentence for complicity to felonious assault is contrary to law. As Ackerman asserts, the court failed to advise her that the ODRC could hold more than one hearing, pursuant to R.C. 2929.19(B)(2)(c)(iv), or that she must be released at the expiration of the maximum term of imprisonment, pursuant to R.C. 2929.19(B)(2)(c)(v). Based on the trial court's failure at Ackerman's sentencing hearing to provide her all the notifications set forth in R.C. 2929.19(B)(2)(c), her second assignment of error is sustained.

## Conclusion

{¶ 13} Having sustained Ackerman's assignments of error, the judgment of the trial court is reversed in part. This matter is remanded for resentencing solely for the trial court to specify the total number of days of jail-time credit to which Ackerman was entitled as of

6

the date of her sentencing; to allow her the opportunity to be heard on the issue of jail-time credit; and to properly advise her of the notifications set forth in R.C. 2929.19(B)(2)(c). The judgment of the trial court is affirmed in all other respects.

. . . . . . . . . . . . .

LEWIS, J., and HANSEMAN, J., concur.