[Cite as *State v. Moreland*, 2025-Ohio-59.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-17 |
| | : | |
| v. | : | Trial Court Case No. 2021CR0665 |
| | : | |
| TAMMARA MORELAND | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 10, 2025

. . . . . . . . . . .

LUCAS W. WILDER, Attorney for Appellant

MEGAN A. HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Tammara Moreland appeals from her conviction, following a guilty plea, to attempted endangering children. Specifically, she challenges her 18-month prison sentence. For the reasons that follow, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶ 2} Moreland was indicted on December 17, 2021, on three counts of endangering children. On December 30, 2021, the State sought to join Moreland's trial with the trials of co-defendants John Cantrell and Tchanavian Cantrell; the Cantrells had also each been indicted on three counts of endangering children. The three adults had resided together in Beavercreek, along with another adult woman. Multiple children in addition to the victim had resided in the home. The victim in this case was the daughter of Tchanavian Cantrell. Moreland opposed the motion for joinder, but the court granted the motion in March 2022. A jury trial occurred in February 2023, but it resulted in a mistrial.

{¶ 3} On March 2023, Moreland moved to dismiss the charges against her, and the State opposed the motion. The court denied the motion in May 2023.

{¶ 4} On January 10, 2024, Probation Officer Joshua Elliott of the Greene County Adult Probation Department filed a motion indicating that Moreland had violated her bond. The motion stated that, on December 9, 2023, Moreland had been investigated for an assault on a juvenile, and the police had forwarded the police report to the Greene County Adult Probation Department. Finally, the motion asserted that "the violation(s) . . . precluded the defendant from HB 86 criteria,"[1] i.e., community control.

{¶ 5} Also on January 10, 2024, the court issued an entry of violation of bond,

---

[1] "The legislature, via H.B. 86, decided that individuals convicted of possession of small amounts of drugs should be sentenced to community control and, where available, receive drug treatment so as to lessen the chances of their reoffending and to increase their opportunities to become contributing members of society. H.B. 86 " 'provides, in certain felony cases, a preference for one or more community control sanctions rather than the imposition of a prison sentence. . . .' " (Citations omitted.) *State v. Osborne*, 2015-Ohio-3058, ¶ 12-13 (2d Dist.) (Froelich, P.J., dissenting), citing Ohio Legislative Serv. Comm., Fiscal Note & Local Impact Statement to Am.Sub.H.B. 86 (Sept. 30, 2011).

which found that Moreland had violated the bond conditions as alleged in the motion filed by the probation department. The entry continued Moreland on the previously established bond but advised that additional violations of bond may result in a capias being issued for her arrest and possible revocation of the bond.

{¶ 6} On January 11, 2024, Moreland pled guilty to attempted endangering children, a felony of the fourth degree, and the other charges against her were dismissed. On February 22, 2024, she was sentenced to 18 months in prison.

### Assignment of Error and Analysis

{¶ 7} Moreland raises one assignment of error:

MORELAND'S SENTENCE WAS CONTRARY TO LAW, NOT SUPPORTED BY THE RECORD AND SHE SHOULD HAVE RECEIVED COMMUNITY CONTROL SANCTIONS.

{¶ 8} Moreland asserts that "despite her conviction being an 'offense of violence' she should have been sentenced to community control sanctions." She argues that she pled guilty to an attempted offense and, as such, any alleged injury was not caused by her. In other words, she argues that she was "not one of the main culprits" in the injuries to the child; the Cantrells were. Moreland notes that she had no criminal history and that, as discussed in her sentencing memorandum, her background, "value to society," and remorse weighed in favor of a lesser sentence   Moreland argues that the offense to which she pled guilty was not "an assault offense" and that there was no evidence in the record to support the finding that she had violated her bond conditions.

{¶ 9}  The State responds that attempted endangering children in violation of R.C.

2923.02(A) and R.C. 2919.22(B)(3) is an offense of violence pursuant to R.C. 2901.01(A)(9). The State directs our attention to R.C. 2929.13(B)(2). According to the State, because the record demonstrates that the trial court considered the criteria in R.C. 2929.11 and R.C. 2929.12 and because Moreland's 18-month sentence was within the statutory range, her sentence was not clearly and convincingly contrary to law, and the trial court's judgment should be affirmed. We agree with the State.

{¶ 10} The trial court's judgment entry stated that attempted endangering children "**is not** a mandatory term pursuant to R.C. 2929.13(F), 2929.14 or 2925" and that, pursuant to R.C. 2929.13(B)(1)(a), Moreland had been convicted of an offense of violence and had violated a condition of her bond as set by the court; as such, the court had discretion to impose a prison term. Pursuant to R.C. 2929.13(B)(1)(b), the court found that Moreland's offense was a "qualifying assault offense" because she had caused serious physical harm to another person while committing the offense or, if the offense is not a qualifying assault offense, she had caused physical harm to another person in committing the offense. The court also stated that Moreland had violated a term of the conditions of her bond.

{¶ 11} The trial court's judgment found that, considering the factors set forth in R.C. 2929.12, a prison term was consistent with the purposes of sentencing set forth in R.C. 2929.11 and Moreland was not amenable to an available community control sanction. The court further found that community control sanctions would demean the seriousness of Moreland's conduct and its impact on the victim, that a sentence of imprisonment was commensurate with the seriousness of her conduct and its impact on the victim, and that

a prison sentence did not place an unnecessary burden on the governmental resources.

{¶ 12} "When reviewing felony sentences, a court of appeals must apply the standard of review set forth in R.C. 2953.08(G)." *State v. Williams*, 2022-Ohio-2897, ¶ 18 (2d Dist.), citing *State v. Farra*, 2022-Ohio-1421, ¶ 73 (2d Dist.). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.).

{¶ 13} As we explained in *State v. Bartley*, 2023-Ohio-2325, ¶ 9 (2d Dist.), "we may not independently 'weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.' " *Id.* at ¶ 9, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 42. "The inquiry is simply whether the sentence is contrary to law." *Id.* "A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12." *Id.*, citing *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

{¶ 14} In imposing sentence, the trial court cited R.C. 2929.13(B)(1)(a), which states:

> Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination

of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶ 15} R.C. 2929.13 (B)(1)(b) states:

The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

. . .

(iii) The offender violated a term of the conditions of bond as set by the court.

{¶ 16} An offense of violence includes a violation of R.C. 2919.22(B)(3) as well as an attempt to commit such a violation. R.C. 2901.01(A)(9)(a) and (d). R.C. 2929.13(B)(2) states: "If division (B)(1) of this section does not apply . . . in determining whether to impose a prison term as a sanction for a felony of the fourth degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."

**{¶ 17}** It is undisputed that Moreland was convicted of an offense of violence; accordingly, R.C.2929.13(B)(1) does not apply. R.C. 2929.14(A)(4) provides that, for a felony of the fourth degree, the prison term shall be a definite term of "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." Thus, Moreland's sentence was within the statutory range and not contrary to law.

**{¶ 18}** Moreland's assignment of error is overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and LEWIS, J., concur.