[Cite as *State v. Williams*, 2022-Ohio-2897.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-30 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-446 |
| | : | |
| BRANDEN WILLIAMS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of August, 2022.

. . . . . . . . . . .

MEGAN HAMMOND, Atty. Reg. No. 0097714, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Second Floor, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

BRYAN SCOTT HICKS, Atty. Reg. No. 0065022, P.O. Box 359, Lebanon, Ohio 45036
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Branden Williams appeals from his conviction in the Greene County Common Pleas Court after entering a negotiated plea agreement whereby he pled guilty to two counts of grand theft of a motor vehicle, one count of breaking and entering, and two counts of theft from a protected class. Williams was sentenced to an aggregate term of 48 months in prison, and thereafter he filed an appeal. On April 18, 2022, Williams' appointed appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any arguably meritorious claims to present on appeal.

{¶ 2} We notified Williams of the *Anders* filing and gave him an opportunity to submit his own brief within 60 days. We also ordered that the record be supplemented with the presentence investigation report ("PSI"), the victim impact statement, and any other documents reviewed by the court for sentencing. Williams has not filed a brief.

{¶ 3} Williams' appellate counsel raised one potential assignment of error, i.e., that the trial court erred in sentencing Williams to consecutive sentences because it failed to consider all the necessary consecutive sentencing factors. However, counsel found no arguable merit in the claim. Based on our independent review of the record, we agree with counsel's assessment. Accordingly, the trial court's judgment is affirmed.

## I. Background

{¶ 4} On July 19, 2019, the Greene County Grand Jury indicted Williams on two counts of grand theft of a motor vehicle, in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; two counts of receiving stolen property (motor vehicle), in violation of R.C. 2913.51(A), a felony of the fourth degree; four counts of breaking and entering, in violation

of R.C. 2911.13(A), a felony of the fifth degree; receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fifth degree; theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; two counts of theft from a person in a protected class, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; and one count of receiving stolen property, in violation of R.C. 2913.51(A), a misdemeanor of the first degree.

{¶ 5} Williams, having posted bond, was ordered to comply with several pretrial conditions that were incorporated into a judgment entry and signed by Williams. The conditions included that Williams not consume any form of illegal drugs or mood altering substances, that he report to the Adult Probation Department as often as requested or required, that he comply with all requests from the Adult Probation Department including reporting for a PSI interview, and that he maintain a phone number at which he could be contacted, with notification to his attorney and the court if any changes occurred. Williams was specifically notified that he would be subject to random drug and/or alcohol screening or testing.

{¶ 6} On September 25, 2019, the Greene County Probation Department filed a motion for a violation of bond claiming that Williams had tested positive for fentanyl, methamphetamine, and amphetamines on September 23, 2019. No change to bond was made.

{¶ 7} On December 18, 2019, Williams entered a negotiated guilty plea wherein he pled guilty to two counts of grand theft of a motor vehicle, felonies of the fourth degree (Counts 1 and 9); one count of breaking and entering, a felony of the fifth degree (Count 6); and two counts of theft from a person in a protected class, felonies of the fifth degree

(Counts 8 and 12). The remaining counts were dismissed, and the State agreed to recommend community control sanctions with a chemical dependency and mental health evaluation along with any other recommended treatment, including the theft clinic. The parties agreed that the offenses were not allied offenses, as there were separate victims involved, and agreed to restitution in the amount of $5,875. Williams further agreed to the forfeiture of several seized items and any items recovered that had not yet been identified by the victims.

{¶ 8} The trial court informed Williams that the maximum term of imprisonment he faced was a total of 72 months. Although the parties agreed to a sentence recommendation, the trial court made clear that the agreement was between the parties only and the trial court could impose any sentence it deemed appropriate within the applicable sentencing ranges. Williams indicated that he understood and proceeded with entering his guilty pleas. The trial court fully advised Williams of his constitutional and non-constitutional rights, accepted the guilty pleas, and ordered a PSI. The trial court set sentencing for February 27, 2020.

{¶ 9} On February 11, 2020, the Greene County Probation Department filed a second motion for violation of bond and also requested a capias. It was alleged that Williams had failed to report to the Adult Probation Department on February 6, 2020, for a PSI interview. That same day, the trial court revoked Williams' prior bond, imposed a new bond, and issued a capias for Williams' arrest.

{¶ 10} On April 28, 2020, Williams was arrested. He posted bond and a new sentencing date was scheduled for June 11, 2020, though later rescheduled for June 24,

2020. Before sentencing could occur, on June 18, 2020, the Greene County Probation Department filed a third motion for violation of bond and again requested a capias. The motion alleged that on June 9 and June 12, 2020, the Adult Probation Department attempted to contact Williams via telephone, but the phone number was not accepting phone calls. That same day, the trial court revoked Williams' most recent bond, imposed a new bond, and issued a capias for Williams' arrest.

{¶ 11} On November 13, 2020, Williams was arrested and, soon thereafter, he posted bond again. A sentencing hearing was scheduled for December 7, 2020, at which time all parties appeared for sentencing. However, after Williams spoke with his attorney and was informed the trial court was "leaning toward" a two-year prison sentence, Williams left the courthouse prior to the hearing. As a result, the sentencing did not go forward, Williams' bond was revoked, and another capias was issued.

{¶ 12} Williams was eventually arrested several months later and transported to the Greene County Common Pleas Court for sentencing on August 5, 2021. At the hearing, the trial court stated that it had considered the record, the oral statements made by the parties, and the PSI. The court stated it had balanced the seriousness and recidivism factors and considered the overriding purpose of felony sentencing, including protecting the public from future crime by the defendant and others, punishment of the defendant, promoting effective rehabilitation of the defendant, and using the minimum sanctions necessary to accomplish those purposes without imposing an unnecessary burden on state or local government.

{¶ 13} Because Williams entered guilty pleas to non-violent fourth and fifth degree

felonies, the trial court considered R.C. 2929.13(B)(1)(a) and (B)(1)(b). The court found that Williams had previously been convicted of or pleaded guilty to a felony offense or to an offense of violence that was a misdemeanor that Williams committed within two years prior to the offense for which sentence was imposed. Additionally, the trial court found that Williams had violated a term of the conditions of bond as set by the court and at the time of the offense was serving, or had previously served, a prison term.

{¶ 14} The trial court imposed the maximum sentence for each offense and ordered Counts 1, 9, and 12 be served consecutively to each other, but concurrently to the remaining two counts, for an aggregate prison sentence of 48 months. In imposing consecutive sentences, the trial court found "that consecutive service is necessary to protect the public from future crime or to punish the Defendant; and that consecutive sentences are not disproportionate to the seriousness of Defendant's conduct and to the danger the Defendant poses to the public." Sentencing Tr., p. 9. The court further found that "[t]he Defendant's history of criminal conduct demonstrates that consecutive service and sentences are necessary to protect the public from future crime by the Defendant; The Defendant has prior felony convictions; prior failure to comply with the Court and probation; failure to comply with current court orders with numerous violations of bond; has continued criminal activity; and has failed to complete drug and alcohol treatment." *Id.*

{¶ 15} Williams was informed that for each of the five counts, upon his release from prison, he may serve a period of post-release control for up to three years. He was notified of the consequences of violating post-release control as well as his right to appeal.

In accordance with the plea agreement, Williams was ordered to pay restitution, along with court costs, and items were forfeited. Williams filed a timely notice of appeal.

## II. *Anders* Standard

{¶ 16} Under *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we must conduct an independent review to determine whether Williams' appeal is "wholly frivolous." *Id*. at 744. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id*., citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. "If we find that any issue – whether presented by appellate counsel, presented by the defendant, or found through an independent analysis – is not wholly frivolous, we must reject the *Anders* brief and appoint new appellate counsel to represent the defendant." (Citations omitted.) *State v. Somerset*, 2d Dist. Montgomery No. 29249, 2022-Ohio-2170, ¶ 5.

## III. Analysis

{¶ 17} In the present case, the *Anders* brief identifies the following issue that Williams' appellate counsel raised: consecutive sentences were not supported by the record. Appellate counsel sees no non-frivolous arguments with regard to this issue. We agree with counsel's assessment.

{¶ 18} "When reviewing felony sentences, a court of appeals must apply the standard of review set forth in R.C. 2953.08(G)." *State v. Farra*, 2d Dist. Montgomery No. 28950, 2022-Ohio-1421, ¶ 73. In accordance with that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes (including R.C. 2929.14(C)(4), which concerns the imposition of consecutive sentences); or (2) the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9, citing R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id*. at ¶ 22, citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 19} Although there is a presumption for concurrent sentences under R.C. 2929.41(A), a trial court may impose consecutive sentences under R.C. 2929.14(C) if the trial court finds that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code,

or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c). "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. "[W]here a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.).

{¶ 20} In this case, the trial court engaged in the appropriate analysis and made the requisite findings under R.C. 2929.14(C)(4). In imposing consecutive sentences, the trial court found "that consecutive service is necessary to protect the public from future crime or to punish the Defendant; and that consecutive sentences are not

disproportionate to the seriousness of Defendant's conduct and to the danger the Defendant poses to the public." Sentencing Tr., p. 9. In accordance with R.C. 2929.14(C)(4)(c), the trial court further found that "[t]he Defendant's history of criminal conduct demonstrates that consecutive service and sentences are necessary to protect the public from future crime by the Defendant; The Defendant has prior felony convictions; prior failure to comply with the Court and probation; failure to comply with current court orders with numerous violations of bond; has continued criminal activity; and has failed to complete drug and alcohol treatment." *Id.* These findings were also included in the judgment entry. Because the requisite consecutive sentence findings were stated on the record at the time of sentencing and included in the judgment entry, we now consider if we clearly and convincingly find that the record does not support the trial court's findings.

{¶ 21} Williams' history of criminal conduct supported the imposition of consecutive sentences. His PSI report reflected that he had a history of criminal convictions in both Ohio and Kentucky, the majority of which related to various theft offenses or drugs. Williams had previously been convicted of robbery and sentenced to a prison term of four years at the Ohio Department of Rehabilitation and Correction.

{¶ 22} After he was indicted on the pending charges, Williams was charged and convicted in Vandalia Municipal Court with two separate cases; one for theft and the other for failure to comply with the order or signal of a police officer, both first degree misdemeanors. He was also charged in the Dayton Municipal Court with theft and receiving stolen property, both first degree misdemeanors. At the time of Williams' December 2020 sentencing hearing, there had been an active warrant issued from the

Dayton Municipal Court for his failure to appear on that case. The PSI reflected that Williams had been charged in Franklin Municipal Court with failure to comply with an order or signal of a police officer, a felony of the third degree, which was awaiting indictment in the Warren County Common Pleas Court. Further, although not elaborated upon, both Williams and his defense attorney implied that between the time he fled court in December 2020 and the time he was sentenced in August 2021, Williams had committed additional criminal offenses that were not reflected in the PSI because it had not been updated since December 2020.

{¶ 23} In addition to Williams' criminal activities during the pendency of the case, the Greene County Probation Department filed three notices of Williams' failure to comply with the terms of his pretrial release conditions. These included Williams' failing to appear for his PSI interview and failing to maintain contact with the Probation Department. As a result of Williams' non-compliance, the sentencing hearing was rescheduled three times. Considering Williams' criminal history and his inability to comply with court orders, we cannot find by clear and convincing evidence that the record does not support the trial court's consecutive sentence findings.

{¶ 24} To the extent appellate counsel mentioned that Williams' sentence was increased from two years to four years as "apparent punishment for not staying for the first sentencing," we do not find this issue arguably meritorious. In this case, there was no pronouncement of sentence by the court, either orally or in writing, prior to imposing Williams' sentence on August 5, 2021. At the August 5, 2021 sentencing hearing, defense counsel explained that at the time of the December 7, 2020 scheduled

sentencing hearing, Williams appeared, was informed the judge was "leaning towards" a sentence of two years in prison, and then Williams left the courthouse without being sentenced. Williams explained that he left the courthouse because he thought he was going to get probation, but then was told he would be going to prison. He claimed his sister had died two days before the sentencing date and he wanted to attend her funeral. However, he acknowledged that her death caused him "to do more drugs and more bad things." Sentencing Tr., p. 4. Notably, the discussion occurred at the August 5, 2021 hearing, because a visiting judge was present on December 7, 2020, not the judge who imposed Williams' 48-month sentence. Although the record does not reflect that the trial court considered Williams' fleeing from the prior sentencing hearing as a factor in determining his sentence, even if it did, a defendant's failure to appear at sentencing is an appropriate recidivism factor for the court to consider in determining a sentence. *See State v. Carnicom*, 2d Dist. Miami No. 2003-CA-4, 2003-Ohio-4711, ¶ 7 (failure to appear for an earlier sentencing hearing may be a relevant factor in determining a defendant's likelihood of recidivism).

**{¶ 25}** In this case, the record reflects that the trial court considered the purposes and principles of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors found in R.C. 2929.12. It made all the statutory consecutive sentencing findings pursuant to R.C. 2929.14(C)(4), including a finding under R.C. 2929.14(C)(4)(c). Williams' sentences were within the applicable statutory ranges and are not contrary to law. We are unable to clearly and convincingly find that the record fails to support the trial court's consecutive sentence findings. Further, the trial court

made all the necessary findings at both the sentencing hearing and in the sentencing entry. As such, we find no errors in the issues raised by appellate counsel.

{¶ 26} In addition to the issues raised by appellate counsel discussed above, and consistent with our duties under *Anders*, we have reviewed the entire record, including the plea and sentencing hearing transcripts, the docketed filings, and the PSI. We are unable to find any meritorious appellate issues and find this appeal to be wholly frivolous.

### IV. Conclusion

{¶ 27} Having found no non-frivolous issues for appeal, we affirm the judgment of the Greene County Common Pleas Court.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Megan Hammond
Bryan Scott Hicks
Branden Williams
Hon. Michael A. Buckwalter