[Cite as *State v. Burt*, 2025-Ohio-1758.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-27 |
| | : | |
| v. | : | Trial Court Case No. 24CR143 |
| | : | |
| CARL A. BURT | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 16, 2025

. . . . . . . . . . .

ALANA VAN GUNDY, Attorney for Appellant

BRANDON S. MYERS, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Carl A. Burt appeals from his conviction, following a guilty plea, of one count of aggravated arson. For the following reasons, the judgment of the trial court will be affirmed.

**Facts and Procedural History**

{¶ 2} The events giving rise to this matter occurred during a dispute between Burt and his wife over Burt's drinking. Officers responded three times to Burt's address in one evening on reports of his threatening to set himself, his wife, their home, and other witnesses on fire. When the officers arrived the third time, Burt aggressively poured gasoline on himself and on the upper body of an officer, and he lit himself and a portion of the garage on fire. Burt threatened to pull others present toward him once he was on fire, but the officers extinguished the fire.

{¶ 3} Burt was indicted on one count of aggravated arson on May 8, 2024. Defense counsel filed a motion to determine Burt's competency to stand trial and for an evaluation of his mental condition at the time of the offense. The evaluations occurred at the Forensic Psychiatry Center for Western Ohio. The subsequent reports, which were admitted at a competency hearing, reflected that Burt was competent to stand trial, that he was not a mentally ill or intellectually disabled person, and that he had not been suffering from a severe mental disease or defect that rendered him incapable of knowing the wrongfulness of his actions at the time of the offense.

{¶ 4} Burt pled guilty to aggravated arson on August 29, 2024, and the State agreed to stand silent as to sentencing. The court ordered a presentence investigation, and Burt was sentenced on October 17, 2024. The court imposed an indefinite sentence of five to seven and a half years, and it ordered Burt to register as an arson offender for life.

## Assignments of Error and Analysis

{¶ 5} Burt asserts three assignments of error on appeal. We will consider his first

and second assignments of error together.   They are:

COUNSEL WAS INEFFECTIVE FOR ENTERING A PLEA WHEN THE ELEMENTS OF AGGRAVATED ARSON WERE NOT CLEARLY MET.

MR. BURT DID NOT INTELLIGENTLY AND VOLUNTARILY PLEAD TO THE CHARGE OF AGGRAVATED ARSON.

{¶ 6} In his first assignment of error, Burt asserts that defense counsel, upon admission of the psychiatric evaluations, should have "zealously advocat[ed] for treatment for his client, a lower charge, or taken the case to trial."   According to Burt, a competent attorney would have also realized that attempted suicide had been decriminalized years ago and that a jury should determine the punishment where "someone's need for help was . . . so extreme."

{¶ 7} In his second assignment of error, Burt acknowledges that the court advised him of the constitutional rights waived by a guilty plea, but he argues that the court failed to advise him of his non-constitutional rights and the nature of the charge.   According to Burt, the trial court did not discuss any of the elements of aggravated arson with him during his plea.   Burt also suggests that he could not have been guilty of aggravated arson since he set himself on fire.

{¶ 8} While Burt insists he did not commit aggravated arson because he did not target anyone (other than himself) when he committed the offense, he entered a guilty plea to aggravated arson.   Further, the presentence investigation report stated that he "threatened to set his house and several family/household members on fire during a

domestic violence incident," resisted arrest when an officer responded, and set himself and a garage on fire while being taken into custody.

{¶ 9} To prevail on an ineffective assistance of counsel claim, a defendant must prove that his attorney was ineffective under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that counsel's performance was deficient. *Id.* at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.*

{¶ 10} "In order to satisfy the requirements of due process, a guilty plea must be knowingly, intelligently, and voluntarily made. *State v. Webb*, 2015-Ohio-553, ¶ 8 (2d Dist.). citing *Boykin v. Alabama*, 395 U.S. 238, 242-243 (1969). The plea must be made with a full understanding of its consequences. *Id.*, citing *State v. Bowen*, 52 Ohio St.2d 27, 28 (1977). Before accepting a guilty plea, a trial court must substantially comply with the requirements of Crim.R. 11. *State v. Nero*, 56 Ohio St.3d 106, 108 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 82-93 (1977). " 'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' " *Id.* at 108. Substantial compliance "does not necessarily require a detailed recitation of the elements of a charge by the court." *State v. Rexroad*, 2023-Ohio-356, ¶ 28 (4th Dist.), quoting *State v. Hurst*, 2020-Ohio-2754, ¶ 21 (5th Dist.). "Additionally, there is no requirement for the trial court to 'explain the elements of the crime to the defendant at the time of the plea.' " *Id.,*

quoting *State v. Nicholson*, 2009-Ohio-3592, ¶ 19 (8th Dist.).

{¶ 11} "A plea of guilty is a complete admission of guilt." *State v. Riddle*, 2017-Ohio-1199, ¶ 26 (2d Dist.), citing *State v. Faulkner*, 2015-Ohio-2059, ¶ 9 (2d Dist.). "Consequently, a guilty plea waives all appealable errors, including claims of ineffective assistance of counsel, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea." *Id.*, citing *State v. Frazier*, 2016-Ohio-727, ¶ 81 (2d Dist.). "If a defendant pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.' " *Id.*, citing *Frazier.* " 'Only if there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have insisted on going to trial will the judgment be reversed.' " *Id.*, citing *State v. Huddleson*, 2005-Ohio-4029, ¶ 9 (2d Dist.), citing *Hill v. Lockhart*, 474 U.S. 52, 52-53 (1985). (Other citations omitted.)

{¶ 12} Burt argues that his counsel was ineffective for failing to obtain the State's agreement to a lesser charge or some guarantee of treatment or a particular sentence as part of his plea. We note, however, that any advice defense counsel may have provided Burt regarding his plea to aggravated arson is not part of our record. Burt has not suggested how any advice of counsel may have affected his plea, and there is no suggestion that the State would have offered an alternative agreement for a plea to a lesser charge, especially given the severity of the offense. Of critical importance, even though Burt pled as charged to aggravated arson, defense counsel preserved the opportunity to advocate for treatment and counseling for Burt at sentencing, and he did

so advocate.

**{¶ 13}** The record reflects substantial compliance with Crim.R. 11 in accepting Burt's plea. The terms of the plea agreement were stated on the record, namely that in exchange for his plea, the State would remain silent as to Burt's sentencing. Burt acknowledged on the record that he was not under the influence of alcohol, drugs, or medications, he did not and had not previously suffered from mental illness or disease, and that no one had forced, threatened or coerced him into entering his plea or promised him anything in exchange for his plea beyond what was stated on the record.

**{¶ 14}** Burt acknowledged that he entered his plea voluntarily and that he had gone over the plea form with defense counsel and signed it, and he identified the form and his signature. When asked if he had any questions for the court, Burt responded that he did not. Defense counsel further acknowledged that he had gone over the plea form with Burt and that he believed Burt understood it. Burt advised the court that he was satisfied with counsel's representation.

**{¶ 15}** The indictment stated that Burt "did by means of fire or explosion knowingly create a substantial risk of serious physical harm to another person." Burt indicated to the court that he understood the allegations in the indictment charging him with aggravated arson. Burt also acknowledged his understanding that a plea of guilty is a complete admission of guilt and that the court could proceed to judgment and sentencing upon his guilty plea.

**{¶ 16}** The court advised Burt that he was subject to an indefinite sentence pursuant to Senate Bill 201. The court indicated the maximum sentence that could be

imposed, and Burt acknowledged receipt of the Notification of Arson Registration attached to the plea form. Burt indicated that he had reviewed the notification and understood it. The court then went over the notification with Burt, including the consequences of failing to comply.

{¶ 17} The court explained the presumption of prison for Burt's offense and advised him as required by the Reagan Tokes Act. The court explained post-release control. Burt repeatedly indicated his understanding.

{¶ 18} As Burt acknowledges, the court explained the constitutional rights waived by a plea of guilty. Burt indicated that he did not need further clarification regarding the proceedings from defense counsel or the court. Burt entered his guilty plea, and the court found that he understood the nature of the charge, the effect of his plea, and that he entered a knowing, intelligent, and voluntary plea. The record does not support Burt's argument that his counsel was ineffective for failing to obtain an agreement from the State for him to plead to a lesser offense or for some guarantee of treatment rather than a prison sentence. There is also no basis in the record to conclude that proceeding to trial or seeking a different plea deal would have resulted in a different or better outcome. Burt acknowledged during his plea that he understood the charge against him, that he was entering his plea voluntarily, and that he was satisfied with the representation of his trial counsel. Trial counsel advocated for treatment at sentencing and for supervision rather than a prison sentence. While Burt may have hoped that he could plead to a lesser offense or that he would be sentenced to community control sanctions, ineffective assistance of counsel is not demonstrated.

{¶ 19} Because the record fails to support a claim of ineffective assistance of counsel, and Burt's plea was knowing, intelligent and voluntary, his first and second assignments of error are overruled.

{¶ 20} Burt's third assignment of error is as follows:

THE COURT ERRED WHEN IT DID NOT CONSIDER THE SENTENCING GOAL OF PROMOTING THE EFFECTIVE REHABILITATION OF MR. BURT, A VIOLATION OF RULE 2929.11.

{¶ 21} Burt argues that the trial court failed to specifically articulate that it had considered his possible rehabilitation when announcing its sentence. He asserts that the court ignored his need for treatment and instead imposed a prison sentence.

{¶ 22} "When reviewing felony sentences, a court of appeals must apply the standard of review set forth in R.C. 2953.08(G)." *State v. Williams*, 2022-Ohio-2897, ¶ 18 (2d Dist.), citing *State v. Farra*, 2022-Ohio-1421, ¶ 73 (2d Dist.). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.).

{¶ 23} The three overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). "To achieve those purposes, the

sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.*

**{¶ 24}** As we recently explained in *State v. Bartley*, 2023-Ohio-2325, ¶ 9 (2d Dist.), we may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.,* citing *State v. Jones*, 2020-Ohio-6729, ¶ 42. "The inquiry is simply whether the sentence is contrary to law." *Id.* at ¶ 9. "A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12." *Id.*, citing *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

**{¶ 25}** At disposition, the court indicated that it had considered the purposes and principles of sentencing as set forth in R.C. 2929.11. The judgment entry further stated that the court had considered R.C. 2929.11 in imposing sentence, which includes not only the protection of the public and punishment of the offender, but also promoting rehabilitation of the offender. The trial court may have recognized that Burt's actions could have been attributed to mental health concerns, but the competency and sanity evaluations made clear that Burt was not mentally ill or disabled and had understood the wrongfulness of his actions. As such, under the facts of this case, the trial court could have reasonably concluded that the purposes and principles of sentencing supported the imposition of a prison sentence. Burt's sentence for a felony of the first degree was not contrary to law. R.C. 2929.14(A)(1)(a). Burt's third assignment of error is overruled.

{¶ 26} Having overruled Burt's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HANSEMAN, J., concur.