[Cite as *State v. Farwell*, 2026-Ohio-1071.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-31 |
| Appellee | : | |
| | : | Trial Court Case No. 25CR77 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| MATTHEW C. FARWELL | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on March 27, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

TUCKER, J., and HUFFMAN, J., concur.

HOLLY M. SIMPSON, Attorney for Appellant
MATTHEW C. JOSEPH, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Defendant-appellant, Matthew C. Farwell, appeals from the sentence imposed following his guilty plea to one count of strangulation, a felony of the fourth degree. Farwell argues the 14-month prison sentence for his conviction of strangulation is contrary to law. For the reasons discussed below, we determine that the assignment of error is without merit and affirm the judgment of the trial court.

**I. Statement of Facts and Procedure**

{¶ 2} Defendant-appellant, Matthew C. Farwell ("Farwell"), was indicted for one count of felonious assault, a felony of the second degree, and one count of strangulation, a felony of the fourth degree, in the Common Pleas Court of Miami County, Ohio in case number 25 CR 77.

{¶ 3} On May 28, 2025, Farwell pled guilty to strangulation, a felony of the fourth degree, with the felonious assault count being dismissed by the State. There was no agreement regarding sentence. During his plea, the trial court specifically asked Farwell, "Do you understand despite any recommendation made by your lawyer or the prosecutor the court would not have to accept that but can sentence you under the law?" Change of Plea Hearing Tr. 5. Farwell indicated he understood.

{¶ 4} Later in the plea hearing, the trial court specifically advised Farwell that the maximum amount of prison he faced by pleading guilty was 18 months, and Farwell indicated that he understood. *Id*. at 7. The trial court also advised Farwell that any prison

2

term was discretionary, and not mandatory, and that he could receive community control sanctions. After Farwell pled guilty, the trial court ordered a presentence investigation report ("PSI").

{¶ 5} On July 3, 2025, the trial court held Farwell's sentencing hearing. Farwell's counsel stipulated to the admissibility of the PSI report. At the outset, the trial court indicated that Farwell had criminal contacts in five states outside of Ohio; however, the PSI did not include them or their disposition. Thereafter, Farwell's counsel explained the criminal contacts that the trial court referenced and explained Farwell's lack of criminal history, including that the instant conviction for strangulation was Farwell's first felony.

{¶ 6} The trial court also afforded Farwell the opportunity to explain his out-of-state contacts with law enforcement and other charges, including their disposition. Farwell answered the court's questions related to the disposition of each of the previous contacts, including two prior domestic violence charges that were dismissed.

{¶ 7} During the sentencing hearing, the trial court noted that the victim impact statement ("VIS") mentioned an excessive amount of dental work but informed the parties that there was nothing mentioned in the VIS regarding the specifics of the dental work. The prosecutor informed the court of the victim's injuries, including a closed head injury, lacerations of the victim's face and mouth, and a closed fracture of the victim's left side maxilla, as well as the number of stitches and sutures necessary to treat the victim's injuries. The prosecutor did not include any information regarding dental work. The prosecutor also submitted two photographs of the victim that were taken on the day of the incident. The photographs depict the victim's face containing multiple bruises, lacerations, a puffed-up black eye, and swollen left face. State's Exhibit 1. State's Exhibit 2 further shows a large narrow bruise running across the victim's neck.

3

**{¶ 8}** Farwell submitted Defendant's Exhibits 1 through 3 to the court, which depicted Farwell's injuries as a result of the altercation with the victim. The trial court afforded Farwell the opportunity to explain the incident, to which Farwell indicated that the victim started the altercation and that they were both intoxicated. Counsel also explained to the court that Farwell was embarrassed about what transpired on the night of the incident and that Farwell's statement regarding the victim's behavior was not made for the purpose of minimizing his own behavior.

**{¶ 9}** After hearing from all parties, the trial court orally imposed a 14-month prison sentence finding, in part, that it would demean the seriousness of the offense to place Farwell on community control sanctions. Prior to imposing the sentence, the trial court indicated that Farwell's version of the events which transpired was different from the victim's account and that the victim was struck by Farwell with a closed fist approximately 24 times. The trial court further orally stated that Farwell did not have a criminal history which included convictions but that there were several factors which indicated that the offense was more serious than conduct which would normally constitute the offense.

**{¶ 10}** On July 7, 2025, the trial court journalized the sentencing entry, stating:

> The Court has considered the purposes and principles of sentencing in the Ohio Revised Code §2929.11 and the sentencing factors in §2929.12(B). The Court has considered the record, all oral statements, photographs of the Defendant's injuries and of the victim's injuries, and the presentence investigation report (Court Ex. I). The Defendant's conduct was more serious than conduct normally constituting an offense due to the relationship with the victim and the serious physical and psychological injuries. The victim was punched approximately 24x with a closed fist. The victim was Defendant's

4

girlfriend where he was drinking and began beating her. The VIS indicates she thought she was going to die while being strangled. She indicated there is significant dental work and other injuries that require treatment. R.C. §2929.12(B)(2), (7).

The Defendant has minimal criminal history according to the PSI and thus a low ORAS. However, the Court noted the incompleteness of the PSI as Defendant has had criminal contacts in five additional states. Defendant has an open warrant in a sixth state. Defendant was not adjudicated as a juvenile but had two prior domestic violence charges dismissed. While Defendant stated he accepted accountability, he focused on his embarrassment, not thinking he was capable of what he had done. Additionally, the Court found the Defendant was not remorseful as his statement in the PSI report and the statement read in Court focused on the victim instigating the fight and beating him. The submitted photographs show Defendant sustained injury but the victim indicated she was trying to get away and used self-defense as this was a pattern with the Defendant and she saw it coming as his behavior started the same way each time it would occur. Instead, Defendant claimed the reverse in that he was the one who was beaten multiple times by the victim. The victim's injuries were indicted as felonious assault, but later dismissed due to a technicality that occurred at the preliminary hearing stage. The facts were undisputed that the Defendant's behavior was related to alcohol. R.C. 2929.12(D)(3-5).

The Court found in mitigation pursuant to R.C. 2929.12(E)(1, 3), the Defendant was not adjudicated as a juvenile and this was his first felony

5

conviction. The Court [finds that] a community control sanction would not adequately protect the public and would demean the seriousness of the offense. Additionally, community control is not mandated pursuant to R.C. 2929.13(B)(1)(b)(ii).

Sentencing Entry.

**II. Farwell's Assignment of Error**

{¶ 11} Under his sole assignment of error, Farwell claims his sentence is contrary to law. Farwell presents three issues for review:

1. Did the trial court err by relying on Defendant's statement that the victim instigated the offense to enhance his punishment when Defendant provided that information as one of the statutory mitigating factors?

2. Did the trial court err by relying on incomplete information regarding Defendant's criminal record when issuing the sentence?

3. Whether the trial court erred in counting the victim's injuries as an aggravating factor when the court had little information about the injury.

**III. Sentencing Standards**

{¶ 12} "'When reviewing felony sentences, a court of appeals must apply the standard of review set forth in R.C. 2953.08(G).'" *State v. Burt*, 2025-Ohio-1758, ¶ 22 (2d Dist.), quoting *State v. Williams*, 2022-Ohio-2897, ¶ 18 (2d Dist.), citing *State v. Farra*, 2022-Ohio-1421, ¶ 73 (2d Dist.).

{¶ 13} While R.C. 2953.08(G)(2) provides that "[t]he court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court," R.C. 2953.08(G)(2)

6

further instructs that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2).

{¶ 14} Instead, the statute clearly provides that "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing . . . if it clearly and convincingly finds . . . (1) [t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; [or] (b) [t]hat the sentence is otherwise contrary to law." *Id*.

{¶ 15} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 16} The Supreme Court of Ohio has stressed that "we may not independently 'weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.'" *State v. Bartley*, 2023-Ohio-2325, ¶ 9 (2d Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 42. This is because R.C. 2929.11 and 2929.12 are not among the statutes listed in R.C. 2953.08(G)(2). *Jones* at ¶ 31.

{¶ 17} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.), citing *State v. Foster*, 2006-Ohio-856, paragraph seven of the syllabus.

**IV. Discussion**

{¶ 18} Turning now to Farwell's arguments that his sentence is contrary to law, we must first define what "contrary to law" means. The term "contrary to law" means "'in violation of statute or legal regulations at a given time.'" *State v. Jones*, 2020-Ohio-6729, ¶ 34, citing *Black's Law Dictionary* (6th Ed. 1990). Additionally, "[a] sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12." *State v. Burt*, 2025-Ohio-1758, ¶ 24 (2d Dist.), citing *State v. Bartley*, 2023-Ohio-2325, ¶ 9 (2d Dist.), citing *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

{¶ 19} The trial court imposed a 14-month sentence on Farwell's strangulation offense, a felony of the fourth degree. This sentence falls within the statutory range for the level of the offense pursuant to R.C. 2929.14 (A)(4) ("For a felony of the fourth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.").

{¶ 20} R.C. 2929.11 requires courts to consider certain purposes and principles of sentencing, R.C. 2929.12(A) addresses factors courts should take into account when complying with these principles and purposes, and R.C. 2929.12(B)-(F) outline "factors for the court to consider relating to matters such as the seriousness of the offender's conduct, the likelihood of the offender's recidivism, and the offender's service in the armed forces of the United States, if any." *Jones* at ¶ 19. In *Jones*, the court stressed that "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Id*. at ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31.

{¶ 21} The record in this case demonstrates that the trial court did consider R.C. 2929.11 and 2929.12. The trial court orally pronounced at the sentencing hearing that

8

it considered the principles of sentencing, the seriousness factors, and mitigation factors. The trial court's journalized sentencing entry indicates the same. The trial court did not need to do more.

{¶ 22} Despite the trial court's compliance with Ohio's sentencing laws, Farwell argues that his sentence is contrary to law. Farwell claims that the trial court treated a mitigating factor as an aggravating factor by failing to consider his version of events, which was that the victim facilitated the offense. Farwell also contends that the trial court erred by failing to find that he expressed remorse and was embarrassed for his actions. This Court may not substitute its judgment for that of the trial court or reweigh the aggravating factors and mitigating factors. *Jones* at paragraph one of the syllabus.

{¶ 23} In addition, "Ohio courts have noted that 'nothing compels' a court to 'reflexively accept a defendant's statement of remorse,' as the court 'is in the best position' to determine 'whether a defendant's remarks are indicative of genuine remorse.'" *State v. Kendrick*, 2025-Ohio-5739, ¶ 21 (10th Dist.), citing *State v. Fissel*, 2022-Ohio-1856, ¶ 15 (1st Dist.), quoting *State v. Dudley*, 2009-Ohio-5064, ¶ 22 (11th Dist.). "Further, a trial court's belief that a defendant has failed to show genuine remorse 'does not make his sentence contrary to law.'" *Id.,* citing *State v. Meyer*, 2022-Ohio-2746, ¶ 20 (6th Dist.) and *State v. Ogletree*, 2019-Ohio-3999, ¶ 25 (11th Dist.) (noting "the court did consider whether [the defendant] was remorseful and, accordingly, the sentence was not clearly and convincingly unsupported by the record or otherwise contrary to law").

{¶ 24} Farwell also argues that the trial court erred in sentencing him to prison by "relying on" incomplete information regarding the victim's injuries and his prior criminal contacts in other states. However, our review of the record does not lead us to conclude that the trial court relied on either of these two factors as Farwell contends.

9

**{¶ 25}** Instead, regarding the specific injury of the victim's alleged dental work, at the sentencing hearing, the trial court merely noted that it did not have the details of the dental work as generally stated in the VIS. Further, the trial court specifically took evidence of the victim's injuries, as stated by the prosecutor. The prosecutor also submitted two photographs of the victim which depicted the seriousness of the victim's injuries absent injury to the victim's teeth. The photographs depicted that the victim took a brutal beating at the hands of Farwell, including being strangled and struck multiple times about the face. The photographs show serious physical harm.

**{¶ 26}** Regarding Farwell's criminal contacts in other states, the trial court allowed Farwell to explain each of the contacts and took evidence through Farwell's statement which showed that some of the charges were dismissed while others were inaccurate. The trial court specifically stated in its sentencing entry that the instant offense was Farwell's first felony conviction and that two prior domestic violence charges were dismissed. The trial court also stated in its sentencing entry that Farwell did not have a prior juvenile adjudication and that his ORAS score was low.

**{¶ 27}** "Trial courts are permitted to consider a defendant's arrests for other crimes and uncharged criminal activity. This is because a sentencing court's function 'is to acquire a thorough grasp of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant.'" *State v. Latham*, 2026-Ohio-6, ¶ 21 (2d Dist.), quoting *State v. Burton*, 52 Ohio St.2d 21, 23 (1977), citing *United States v. Doyle*, 348 F.2d 715, 721 (2d Cir. 1965). "In addition, 'a sentencing court may consider a criminal charge and supporting facts that are dismissed under a plea agreement.'" *Id.*, quoting *State*

10

*v. Bowser*, 2010-Ohio-951, ¶ 16 (2d Dist.), citing *State v. Blake*, 1999 WL 375576 (2d Dist. June 11, 1999).

{¶ 28} Further, "[w]e have continuously held that trial courts may consider a 'broad range of information' at sentencing, including, among other things, 'hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement.'" *Id.* at ¶ 22, quoting *Bowser* at ¶ 13, 15-16.

{¶ 29} Farwell further argues that the trial court's reliance on his prior contacts with the criminal justice system in imposing the 14-month sentence was procedurally unfair and thus contrary to law; however, we again disagree.

{¶ 30} While a sentence may be contrary to law where a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and R.C. 2929.12, *State v. Bryant*, 2022-Ohio-1878, based on improper considerations of personal or religious convictions of the trial court, *State v. Arnett*, 88 Ohio St.3d 208 (2000), or materially untrue and misleading information which prejudices a defendant, *Townsend v. Burke*, 334 U.S. 736 (1948), our review of the entirety of the record in this case does not demonstrate that the trial court rendered a procedurally unfair sentencing hearing which amounts to a sentence that is contrary to law.

{¶ 31} As we articulated above, the trial court considered all of the evidence, including Farwell's lack of criminal history, the seriousness of the offense, the victim's injuries, Farwell's injuries, and the aggravating and mitigating factors, as well as the purposes and principals of sentencing, and properly determined that a 14-month prison sentence was appropriate. Farwell's sentence fell within the statutory range for a felony of the fourth degree and is not contrary to law or procedurally unfair.

**V. Conclusion**

**{¶ 32}** In considering Farwell's sole assignment of error and holding that the trial court's 14-month sentence of incarceration is not contrary to law, we affirm the judgment of the trial court.

. . . . . . . . . . . . .

TUCKER, J., and HUFFMAN, J., concur.