[Cite as *State v. Kintz*, 2026-Ohio-1584.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-48 |
| Appellee | : | |
| | : | Trial Court Case No. 2023 CR 0625 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| SHANE MICAH KINTZ | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 1, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

EPLEY, J., and HUFFMAN, J., concur.

LUCAS WILDER, Attorney for Appellant
MEGAN HAMMOND, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Defendant-appellant, Shane Micah Kintz, appeals from the 36-month sentence imposed upon the revocation of his community control sanctions. Kintz argues that the prison sentence for his conviction for attempted aggravated possession of drugs, a felony of the third degree, is contrary to law. For the reasons discussed below, we affirm the judgment of the trial court.

## I.     Facts and Course of Proceedings

{¶ 2} On November 22, 2023, Kintz was indicted for aggravated possession of drugs, a felony of the second degree, and possession of drugs, a felony of the fifth degree. On May 15, 2024, Kintz entered into a plea agreement and pleaded guilty to attempted aggravated possession of drugs, a felony of the third degree, and the State dismissed count two of the indictment. Kintz was sentenced to community control sanctions ("CCS") on June 26, 2024. At the time of his sentencing, the trial court advised Kintz that if he violated the terms and conditions of his CCS, he could receive a prison sentence of up to 36 months.

{¶ 3} Kintz signed a written copy of the conditions of his CCS at his sentencing hearing. Of relevance, Kintz was required to obey all laws and not be charged or convicted of any violation of law. Kintz was also required to report any arrest, citation, violation of law, or contact with a law enforcement officer to his supervising officer no later than the next business day. Kintz was further required to abstain from the use or possession of illegal

drugs and to maintain his current residence or report a new residential address to his supervising officer.

{¶ 4} On June 16, 2025, a notice of CCS violations was filed alleging Kintz absconded from supervision and was arrested and charged with new offenses. A supplemental report followed, which alleged that on June 7, 2025, Kintz was arrested and charged with rape, contributing to the delinquency of a minor, corrupting another with drugs, trafficking in drugs and possession of drugs. The report also claimed that Kintz did not report his arrest or charges to his supervising officer and failed to maintain his residential address as required. The trial court issued a capias, and Kintz was later arrested on July 21, 2025. The court set a probable cause revocation hearing on July 29, 2025.

{¶ 5} At the probable cause hearing, Kintz was represented by counsel. Kintz waived the hearing and requested the matter be scheduled for an evidentiary hearing, which was scheduled for August 20, 2025. At the evidentiary hearing, the court held an in-chambers conference with counsel for Kintz and counsel for the State, and it was informed that Kintz was waiving the evidentiary hearing. When the court went on the record, the court asked the parties again if Kintz was waiving his hearing and consenting to sentencing, to which Kintz's counsel indicated yes. The court directly asked Kintz if he agreed with what was stated, and he responded, "Yes, sir." Revocation/Sentencing (Sept. 4, 2025) Tr. 2. There was no discussion on the record of what sanctions or length of prison term was being imposed. The trial court read its sentencing entry on the record, stated that the prison sentence is consistent with R.C. 2929.11 and 2929.12, and imposed a 36-month prison sentence. This appeal followed.

## II. The 36-Month Sentence Imposed is Not Contrary to Law

{¶ 6} In his sole assignment of error, Kintz argues that his 36-month prison sentence is contrary to law. Kintz contends that because his CCS violations were based primarily on offenses that had not resulted in criminal convictions, his sentence is contrary to law. In response, the State asserts that Kintz violated CCS regardless of being convicted of a new offense, and that Kintz further waived his right to appellate review under R.C. 2953.08(D).

{¶ 7} R.C. 2953.08 provides:

(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:

(1) The sentence consisted of or included the maximum definite prison term allowed for the offense by division (A) of section 2929.14 or section 2929.142 of the Revised Code or, with respect to a non-life felony indefinite prison term, the longest minimum prison term allowed for the offense by division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code, the maximum definite prison term or longest minimum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:

(a) The sentence was imposed for only one offense.

. . .

(4) The sentence is contrary to law.

However, "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1).

{¶ 8} We do not agree with the State's position that under R.C. 2953.08(D)(1), Kintz waived his right to appeal his sentence as a matter of law. The record of the sentencing hearing does not reveal that after Kintz waived his evidentiary hearing, he and the State jointly recommended the 36-month prison sentence. Instead, this part of the record demonstrates only that Kintz consented to sentencing after he waived his hearing and admitted CCS violations. Therefore, we review Kintz's sentence.

{¶ 9} "'When reviewing felony sentences, a court of appeals must apply the standard of review set forth in R.C. 2953.08(G).'" *State v. Burt*, 2025-Ohio-1758, ¶ 22 (2d Dist.), quoting *State v. Williams*, 2022-Ohio-2897, ¶ 18 (2d Dist.), citing *State v. Farra*, 2022-Ohio-1421, ¶ 73 (2d Dist.). This is also true of our review of felony sentences imposed upon violations of CCS. *State v. Masters*, 2025-Ohio-1763, ¶ 17 (2d Dist.), citing *State v. Tolle*, 2024-Ohio-4709, ¶ 13 (2d Dist.) ("[a]ppellate review of prison sentences imposed for violations of felony community control sanctions is governed by the standard set forth in R.C. 2953.08(G)(2)").

{¶ 10} While R.C. 2953.08(G)(2) provides that "[t]he court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court," R.C. 2953.08(G)(2) further instructs that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2).

{¶ 11} Instead, the statute states that "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence

5

and remand the matter to the sentencing court for resentencing. . . . The appellate court may take any action authorized by this division if it clearly and convincingly finds either . . . (a) [t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant . . . [or] (b) [t]hat the sentence is otherwise contrary to law." *Id*.

{¶ 12} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 13} The term "contrary to law" means "'in violation of statute or legal regulations at a given time.'" *State v. Jones*, 2020-Ohio-6729, ¶ 34, citing *Black's Law Dictionary* (6th Ed. 1990). Additionally, "[a] sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12." *Burt*, 2025-Ohio-1758, at ¶ 24 (2d Dist.), citing *State v. Bartley*, 2023-Ohio-2325, ¶ 9 (2d Dist.), citing *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

{¶ 14} "'For all [community control] revocations, the prison term must be within the range of prison terms available for the offense for which community control had been imposed and the term may not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing.'" (Bracketed text in original.) *Masters*, 2025-Ohio-1763, at ¶ 20 (2d Dist.), quoting *State v. Monroe*, 2020-Ohio-597, ¶ 41 (2d Dist.), citing R.C. 2929.15(B)(3). "At the original sentencing hearing, the trial court must 'notify the offender of the specific prison term that may be imposed for a violation of the conditions of

[a community control] sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.'" *Id.*, quoting *State v. Brooks*, 2004-Ohio-4746, ¶ 29.

{¶ 15} R.C. 2929.15(B)(1) further gives trial courts the ability to sanction offenders appropriately when the offender violates community control sanctions. One of the trial court's options is to sentence the offender to a prison term. R.C. 2929.15(B)(1)(c).

{¶ 16} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.), citing *State v. Foster*, 2006-Ohio-856, paragraph seven of the syllabus. Imposing the maximum sentence which is authorized by law does not equate to a sentence which is contrary to law. *See State v. Beverly*, 2016-Ohio-8078, ¶ 11 (2d Dist.); *State v. Brown*, 2019-Ohio-3288 (2d Dist.) (maximum sentence of 12 months on a felony of the fifth degree was not contrary to law).

{¶ 17} Following Kintz's waiver of hearing and admission to CCS violations at his sentencing hearing, the trial court imposed a 36-month sentence for the offense of attempted aggravated possession of drugs, a felony of the third degree. This sentence falls within the statutory range for the level of the offense. R.C. 2929.14(A)(3)(b) ("For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months").[1] At Kintz's original sentencing hearing, he had been advised of the maximum 36-month sentence that could be imposed if he violated the conditions of his CCS. The court had then stated, "I'm obligated to tell you what happens if you violate your probation. I'm

---

1. We note that Kintz's offense was not one of the ones specified in R.C. 2929.14(A)(3)(a).

going to put you in prison for three-years. No one wants that but I'll do it."[2] Final Disposition Hearing (June 26, 2024) Tr. 3. At both sentencing hearings, the trial court stated that it considered the statutory criteria that apply to every felony offense, specifically R.C. 2929.11 and 2929.12. Therefore, Kintz's sentence is not clearly and convincingly contrary to law and does not violate *Brooks*, 2004-Ohio-4746.

{¶ 18} Kintz argues that he had been only arrested for new offenses, not convicted, and that this fact makes his sentence contrary to law. We do not agree. Kintz waived his probable cause and CCS revocation evidentiary hearings, and did not address this issue with the trial court. The failure to raise issues before the trial court waives all but plain error. *State v. Roberts*, 2017-Ohio-481, ¶ 19 (2d Dist.), citing *State v. Klosterman*, 2016-Ohio-232, ¶ 15 (2d Dist.). We do not find plain error on this record. Kintz admitted to being arrested for violating the law and failing to report the contact with law enforcement to his probation officer. Kintz also admitted that he changed his residence and did not provide his probation officer with his new address. "[A] revocation of community control punishes the failure to comply with the terms and conditions of community control, not the specific conduct that led to the revocation." *State v. Black*, 2011-Ohio-1273, ¶ 17 (2d Dist.). Under the circumstances presented in this case, we see no error in the trial court's imposition of the maximum 36-month sentence. Kintz's assignment of error is overruled.

III.    Conclusion

{¶ 19} Having overruled Kintz's assignment of error, we affirm the judgment of the trial court.

---

2. While the sentencing court stated Kintz's sentence in terms of years instead of the statutory language of 36-months, Kintz does not raise this as an error. A 3-year term is equivalent to a 36-month term, and any error of the trial court in imposing the alternate 3-year sentence upon a CCS violation is de minimus and does not amount to reversable error. *State v. Stennett*, 2022-Ohio-4645 (8th Dist.).

. . . . . . . . . . . .

EPLEY, J., and HUFFMAN, J., concur.